UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHARLES HUDSON HEAD, III,

        Petitioner,

v.

WILLIE SMITH,

        Respondent.

_____/

Case No. 1:17-cv-1061

Honorable Paul L. Maloney

## **OPINION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because Petitioner has fewer than 60 days remaining in the limitations period for filing a habeas petition, the Court will not dismiss the action at this time, pending Petitioner's compliance with the further directions of this Court set forth in this opinion and attached order.

## Discussion

I. **Factual allegations**

Petitioner Charles Hudson Head, III is incarcerated with the Michigan Department of Corrections at Ionia Correctional Facility (ICF) in Ionia, Michigan. Petitioner is serving concurrent sentences of 50 to 75 years, imposed on July 3, 2014, following his June 12, 2014, conviction by a Wayne County Circuit Court jury on one count of aiding and abetting third-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520d(1)(b), one count of assault with intent to do great bodily harm, MICH. COMP. LAWS § 750.84, and one count of armed robbery, MICH. COMP. LAWS § 750.529. The jury acquitted Petitioner of two counts of first-degree criminal sexual conduct and one count of kidnapping. Petitioner's concurrent sentences are consecutive to terms of imprisonment for which he had been on parole when he committed these offenses.

Petitioner directly appealed his conviction and sentences. In the Michigan Court of Appeals, through his brief filed with the assistance of counsel and his Standard 4 brief,[1] he raised seven issues:

I. The evidence was not legally sufficient to prove beyond a reasonable doubt that Mr. Head aided and abetted in the third-degree criminal sexual conduct committed by another individual rendering that conviction constitutionally defective and necessitating reversal under the due process guarantees of the 14th Amendment and Const. 1963, Art. 1, § 17.

II. [Petitioner's] Fourth Amendment rights [were] violated where the arrest warrant was premised on false testimony.

III. [Petitioner's] constitutional rights to the effective assistance of counsel [were] violated.

---

[1] Standard 4 permits an appellant to file a brief *in propria persona* covering issues the appellant wants to raise on appeal even though his counsel does not. Mich. Admin. Order No. 2004-6.

IV. [Petitioner's] constitutional right to due process was violated where the evidence was insufficient to prove beyond a reasonable doubt that [Petitioner] committed armed robbery.

V. The trial court abused its discretion by erroneously scoring offense variables 4, 7, and 10 contrary to the evidence recorded.

VI. [Petitioner's] constitutional right to due process was violated where the evidence was insufficient to prove beyond a reasonable doubt that [Petitioner] committed assault with intent to do great bodily harm less than murder.

VII. [Petitioner's] constitutional right to due process was violated where the eyewitness identification testimony was improperly suggestive and had no independ[e]nt basis.

(Pet'r's Br. on Appeal, ECF No. 1-1, PageID.18 (Issue I); Pet'r's Standard 4 Br. on Appeal, ECF No. 1-1, PageID.45-46 (Issues II-VII).)

While Petitioner's appeal was pending in the court of appeals, he filed a motion to remand for the purpose of pursuing a *Ginther* hearing[2] and a motion for resentencing in the Wayne County Circuit Court. (Pet'r's' Mot. to Remand, ECF No. 1-1, PageID.74.) The Michigan Court of Appeals denied Petitioner's motion to remand on September 4, 2015. The court entered an opinion denying relief and affirming the trial court with respect to all issues on January 12, 2016. (Mich. Ct. App. Op., ECF No. 1-1, PageID.141-150.)

Petitioner filed a pro per application for leave to appeal in the Michigan Supreme Court raising all of the issues raised in his court of appeals' submissions and one new issue:

VIII. [Petitioner] is entitled to a new trial where he was denied the right to counsel guaranteed by the Sixth Amendment which applies at the first appearance

---

[2] In *People v. Ginther*, 212 N.W.2d 922 (Mich. 1973), the Michigan Supreme Court approved the process of remanding to the trial court for an evidentiary hearing when an appellant has raised claims of ineffective assistance of counsel that require development of a record. For that reason, evidentiary hearings regarding ineffective assistance of counsel are typically referred to as *Ginther* hearings.

3

> before a judicial officer at which a defendant is told of the formal accusation against him and restrictions are imposed on his liberty.

(Pet'r's App. for Leave to Appeal, ECF No. 1-1, PageID.170.) The Michigan Supreme Court denied Petitioner's application for leave to appeal by order entered November 30, 2016. (Mich. Ord., ECF No. 1-1, PageID.180.)

Petitioner did not file a petition for certiorari in the United States Supreme Court. (Pet., ECF No. 1, PageID.3.) Instead, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on November 28, 2017. (Pet., ECF No. 1, PageID.14.)

Question 14 on the standard form for a § 2254 petition invites the petitioner to identify the grounds for his request for habeas relief. (Pet., ECF No. 1, PageID.5-6.) Petitioner has left this section of the petition blank. (*Id*.) The Court presumes Petitioner intended to raise in this Court all eight of the issues he raised in the Michigan Supreme Court. If that presumption is incorrect, Petitioner can correct it in his response to this opinion and the order entered contemporaneously herewith.

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404

4

U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner attaches his appellate briefs to his petition. Those briefs reveal that he has raised seven issues at both levels of Michigan's established appellate review process. Petitioner's eighth issue, however, was raised for the first time in the Michigan Supreme Court. It has never been presented to the Michigan Court of Appeals.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion, although he indicates in the petition that he is "in the process of submitting such a motion . . . ." (Pet., ECF No. 1, PageID.5.) The Wayne

5

County Circuit Court docket indicates that no motions have been filed since Petitioner filed his petition.[3] Therefore, the Court concludes that he has at least one available state remedy. In order to properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Wayne County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and one that is not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

---

[3] https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=2335874 (last visited Jan. 9, 2018.)

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on November 30, 2016. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on February 28, 2017. Accordingly, absent tolling, Petitioner would have one year, until February 28, 2018, in which to file his habeas petition. Petitioner filed the instant petition on November 28, 2017, 92 days before expiration of the limitations period. As of the date of this opinion, however, fewer than 60 days remain.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[4] In the instant case, Petitioner has less than sixty days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the

---

[4] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332

additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Consequently, if Petitioner wishes to pursue his unexhausted claims in the state courts, he must show cause within 28 days why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78. If Petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court will review only his exhausted claims. In the alternative, Petitioner may file an amended petition

setting forth only his exhausted claims.  If Petitioner chooses to file an amended petition, he must complete the form in its entirety, including question 14.

An Order consistent with this Opinion will be entered.


Dated:   January 12, 2018                             /s/ Paul L. Maloney
                                                      Paul L. Maloney
                                                      United States District Judge